James H. O’Connor, J.
This proceeding prays for an order under article 7'8 CPLR directing the Commissioner to pay the petitioner $2,993.95 for treatment given one Hubert L. Kingsley according to the terms of section 187 of the Social Welfare Law. The answer served to said petition by the Commissioner denied liability and set up among its defenses the financial ability of the father of the indigent to pay the bill.
*717 Under section 187 (subd. 2, par. [c]) the following is set forth: “ If, in case of emergency, a patient is admitted without prior authorization of the public welfare official empowered to approve payment for such care, and the hospital wishes to receive payment from public funds for such patient, the hospital shall, within forty eight hours of the admission, Sundays and legal holidays excepted, send to such official a report of the facts of the case, including a statement of the physician in attendance as to the necessity of the immediate admission of such patient to the hospital.”
While it was contested that insufficient notice was given the Commissioner of Public Welfare as required by section 187 (subd. 2, par. [e]), this court -finds from all the evidence submitted at the hearing that sufficient -compliance with the requirement of that section was had. (Matter of St. Joseph’s Hosp. v. Hillman, 270 App. Div. 972, affd. 297 N. Y. 502; Matter of Amsterdam City Hosp. v. Hoffman, 278 App. Div. 292.) This court holds further that subsequent admissions to petitioner’s institution were a continuation of the treatment resulting from the first emergency admission and that proper notice to the Commissioner of Public Welfare was given on each and every subsequent readmission.
The basic contention before this court on behalf of the respondent concerned the ability of the indigent’s father to satisfy the hospital’s bill. The proof submitted on behalf of the respondent fell short of that required by existing guidelines laid down in recent decisions.
It was held in Matter of St. Joseph’s Hosp. v. Woloson (7 A D 2d 696) that the question of medical indigence or the responsibility of some other person for the tnedical care of the patient are matters of defense available to the Commissioner. In that case the issue was whether the father of a patient had sufficient resources in the light of his general responsibility to hold that his daughter was not medically indigent. The court said: “ It may be that the father in fact has resources enough in the light of his general responsibility to his daughter to hold that she is not medically indigent. That is a matter for the Commissioner to plead and prove.”
It has further been held in the case of Matter of St. Clare’s Hosp. v. Breslim (37 Misc 2d 686, affd. 19 A D 2d 922) that before exercising his discretion to refuse payment, the Commissioner must find that the hospital bill can be paid in full without protracted delay.
Thus, without reaching the question whether or not the Commissioner can refuse to make payment by virtue of the father’s *718 responsibility under section 101 of the Social Welfare Law, this court holds that the Commissioner has failed to prove what the financial condition of the father was at the time the bill was incurred. The only evidence submitted at the hearing was a purported questionnaire on the said father. While it indicates certain assets, it also indicates certain definite liabilities and obligations. Without proving that the father could pay the bill and do so without protracted delay this court finds that the patient was medically indigent and that the petitioner is entitled to reimbursement pursuant to section 187 (subd. 2, par. [c]) of the Social Welfare Law.
A motion was made at the hearing to amend the wherefore clause so as to correct the bill from $2,993.96 to $3,013. This correction and amendment is hereby allowed.